IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TOMI BOONE FINKLE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No.: SAG-13-3236 |
| HOWARD COUNTY, MARYLAND, | * | |
| Defendant. | * | |

# MEMORANDUM OPINION

Presently pending before the Court is Defendant's Motion for Protective Order to protect from disclosure certain information sought by Plaintiff in Interrogatory No. 3. [ECF No. 36]. I have also considered Plaintiff's Opposition and Motion to Compel responses to Interrogatory No. 3, and Defendant's Reply and Opposition. [ECF Nos. 40, 41]. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). For the reasons set forth herein, Defendant's Motion for Protective Order will be GRANTED, and Plaintiff's Motion to Compel will be DENIED.

I. **BACKGROUND**

In this Title VII action, Plaintiff Tomi Boone Finkle sued Defendant Howard County, Maryland, alleging that she was not selected for a volunteer position on the Howard County Police Department's Volunteer Mounted Patrol unit ("VMP") because of her transgender status. [ECF No. 1]. On June 15, 2014, Plaintiff served on Defendant interrogatories and requests for production of documents. Pl. Opp. 2. Interrogatory No. 3 states, in relevant part: "For each [Howard County employee involved in the selection of personnel for the Volunteer Mounted Patrol program], please identify all email accounts, social media services, internet discussion

1

groups or pages, and cellular telephone or text messaging services, each person used or posted to from January 2010 to the present day. Provide account numbers, user names and telephone numbers as necessary to identify each service and the user's participation in such service." Def. Mot., Exh. 1.

Defendant objected to Interrogatory No. 3 as overly broad, unduly burdensome, and unlikely to lead to relevant evidence. *Id.* Plaintiff continued to request the information in Interrogatory No. 3, explaining that she needs the account information in order to issue subpoenas to the appropriate service providers, and that, in so doing, she seeks to "uncover inappropriate biases already evident in the police department." Def. Mot., Exhs. 2, 4. Defendant filed the instant Motion for Protective Order in response.[1]

## II.   LEGAL STANDARD

Courts may grant protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). "The party moving for a protective order bears the burden of establishing good cause." *Webb v. Green Tree Servicing LLC*, 283 F.R.D. 276, 278 (D. Md. 2012). "Normally, in determining good cause, a court will balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production." *UAI Tech., Inc. v. Valutech, Inc.*, 122 F.R.D. 188, 191 (M.D.N.C. 1988). In other words, "the Court must weigh the need for the information versus the harm in producing it." *A Helping Hand, LLC v. Baltimore Cnty., Md.*, 295 F. Supp. 2d 585, 592 (D. Md. 2003) (internal quotation marks omitted). The standard for issuance of a protective order is high. *Minter v. Wells Fargo Bank,*

---

[1] Federal Rule of Civil Procedure 26(c)(1) and Local Rule 104.7 require the moving party to include a certification that the parties have made a good faith attempt to resolve the dispute without court action. I find that Defendant's Certificate of Conference, including attachments of correspondence with Plaintiff's counsel, satisfies this requirement. *See* ECF No. 37.

*N.A.*, 258 F.R.D. 118, 125 (D. Md. 2009).  However, trial courts have broad discretion "to decide when a protective order is appropriate and what degree of protection is required." *Furlow v. U.S.*, 55 F. Supp. 2d 360, 366 (D. Md. 1999) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

**III.   ANALYSIS**

Defendant argues that the information sought by Plaintiff in Interrogatory No. 3 is "overly broad, unduly burdensome, and unlikely to lead to relevant evidence."  I agree.  While Rule 26(b)(1) allows a party to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense," Plaintiff's discovery request must not be so extensive that it causes an undue burden on Defendant.  Even assuming Defendant has the authority to disclose the information Plaintiff seeks, providing the personal account information for all e-mail accounts, social media accounts, and telephone accounts over a four-year time period of each individual involved in the VMP selection process would impose an undue burden on Defendant. Moreover, in response to Plaintiff's document request,[2] Defendant has informed Plaintiff that no personnel involved in the VMP program used text messages or personal networking sites to communicate about Plaintiff or the VMP program.  Def. Mot. 9.

Plaintiff argues that the information she seeks is merely account information, not content, and so the case law Defendant cites wherein courts have denied "unrestricted access" to private electronic accounts is inapposite.  However, the identifying account information alone is not relevant to Plaintiff's claims, and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff readily concedes that she plans to use the account information to

---

[2] Plaintiff requested: "Any email, text message, social media transmission, internet posting or page, instant message, or other document, created, sent, read, or received by any past or current member of Howard County involved in the Volunteer Mounted Unit program, during the time period January 2010 to the present day, which contains any of the following words, or contains words which contain these words: Finkle, Tomi, gender, trans, tranny, hermaphrodite, gay, homo, fag, queer, freak, crossdress, drag queen, hir, heshe, MtF, or shemale."  Def. Mot. 9.

"issue proper subpoenas to [service providers] and allow the service providers to search their own records for this information." Def. Mot., Exh. 4. What Plaintiff ultimately seeks from Interrogatory No. 3, then, is the content of these accounts. Plaintiff is not lawfully entitled to that content.[3] Thus, there is no reason to invite an unfettered "fishing expedition" into the personal communications of non-party employees without a viable reason to believe that relevant information would be accessible to Plaintiff or would be contained therein.

## IV.   CONCLUSION

For the reasons set forth above, I find that Defendant has shown good cause for a protective order. Accordingly, Defendant's Motion for Protective Order will be GRANTED and Plaintiff's Motion to Compel will be DENIED. An accompanying Order follows.

Dated: December 2, 2014            _____/s/_____
                                   Stephanie A. Gallagher
                                   United States Magistrate Judge

---

[3] The Stored Communications Act ("SCA") unambiguously states that the contents of electronically stored communications shall not be disclosed to parties unless an enumerated exception applies. 18 U.S.C. § 2702. A civil subpoena is not an exception. *See In re Facebook, Inc.*, 923 F. Supp. 2d 1204, 1206 (N.D. Cal. 2012) ("The case law confirms that civil subpoenas may not compel production of records from providers like Facebook."); *Viacom Intern. Inc. v. Youtube Inc.*, 253 F.R.D. 256, 264 (S.D.N.Y. 2008) ("[SCA] § 2702 contains no exception for disclosure of [private videos and the data which reveal their contents] pursuant to civil discovery requests."); *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 611 (E.D. Va. 2008) (". . . the statutory language of the [SCA] does not include an exception for the disclosure of electronic communications pursuant to civil discovery subpoenas.").